## Cool *v.* Stone.

Where in an action for work and labor performed, the defendant answered, admitting the number of days claimed, but denying that the work done was worth the sum of two dollars per day, and alleged that in March, 1856, the parties disagreeing as to the price, had a settlement, at which it was agreed that the defendant should pay the plaintiff $1.37 1-2 per day, and that he should pay one-half of the sum so found due, within two weeks from that time, and the other half in May then next following; and where the answer further alleged, that the defendant paid to the plaintiff twenty dollars, within one week, which the plaintiff received, and that in twelve days from the settlement, he tendered to the plaintiff, twenty-six dollars, the balance of the half then due, which balance he pays into court; and where the plaintiff replied, denying the settlement and agreement, and the payment and the tender of the money, and also pleaded that the agreement was without consideration, to which the defendant rejoined, that there was a good and valuable consideration for the agreement; and where the court instructed the jury, that if, before the plaintiff commenced his action for compensation, the parties met and agreed upon the amount due, and fixed the time when payment should be made, such an agreement is to be considered an account stated, and is valid in law; *Held,* 1. That the answer of the defendant was not a plea of accord and satisfaction, but a plea of an account stated as the amount to be paid, and then an agreement as to the time of payment. 2. That the agreement was not conditional in its character.

The principle that an agreement, without consideration, to accept a less sum than is due in discharge of the debt, cannot be pleaded as a bar to an action for the whole debt, does not apply to cases where the sum due is unliquidated.

### *Appeal from the Jones District Court.*

The plaintiff sued for the price of sixty-six and a half days' work as a carpenter, at two dollars per day.

The defendant, by his answer, admits the work and the number of days, but denies that the work was worth two dollars a day. The work was performed in the autumn of 1855, and the defendant alleges, that in March, 1856, the parties, disagreeing as to the price, had a settlement, at which it was agreed that defendant should pay plaintiff one dollar and thirty-seven and a half cents per day, and that he should

Cool v. Stone.

pay one-half the sum so found due within two weeks from that time, and the other half in May then next, which would be May, 1856. He then alleges, that he, the defendant, paid the plaintiff twenty dollars within one week, which plaintiff received; and that in twelve days from the settlement, he tendered to the plaintiff twenty-six dollars, the balance of the half then due, (with interest perhaps,) and this balance he pays into court. The plaintiff, by replication denies the settlement and agreement alleged by defendant, and denies the payment of twenty dollars and the tender of the twenty-six. He also pleads that there was no consideration for the making of said promise alleged by defendant; and that the debt was due at the time of the pretended settlement. The defendant rejoins that there was a good and valuable consideration for the agreement.

A few other facts appear in the case, but the above are all that are material, and are those which give rise to the questions. The court instructed the jury (the abstract proposition is applied to this case,) that if before the plaintiff commenced his action for compensation, the parties met and agreed upon the amount due, and fixed the time when payment should be made, such an agreement is to be considered as an account stated, and is valid in law.

Judgment having been rendered for the defendant, for costs, the plaintiff appeals.

*W. J. Henry*, for the appellant.

*W. T. Barker*, for the appellee.

WOODWARD, J.—The leading error of the plaintiff, and that which disposes of the greater part of his objections, is that he seems to view the answer as pleading an accord and satisfaction, and he argues against the sufficiency of the facts proved to establish this plea in law. It is not a plea of accord and satisfaction, but only an account stated as to the amount to be paid, and then an agreement as to the time of payment. In connection with this, the plaintiff falls into

Cool v. Stone.

another error in arguing that an agreement without consideration to accept a less sum, cannot be pleaded to a claim for a greater sum due. Admitting this as law, it applies only to a case where the greater sum which is to be compounded, is a definite, fixed, certain sum. It does not apply to a case like the present, where the sum was yet unsettled, unliquidated, not agreed. The defendant says that they differed as to the amount, and at the settlement agreed upon it, and this is proved, as we infer from the case. It is apparent in the pleadings and bills of exceptions.

One of the bills of exception states that the plaintiff proved, (that is, offered evidence tending to prove,) that his work was worth one dollar and a half a day, and the plaintiff then assumes this to be such a " sum due," as cannot be compromised for a less sum except under some good and valuable consideration, and that the less sum must be paid, in order to constitute a bar to the original claim. In this the plaintiff is in error. His assumption is not correct. The facts show a settlement of an agreement upon a disputed matter, and nothing more. Another ground which plaintiff takes, is this : he claims that the defendant did not pay the first half of the money found due him, at the time agreed, and thence argues that the whole agreement is broken, and that he can set it aside and stand upon his original claim. There is nothing in the transaction, as shown, and there is not a word in the proof as given, to show that the settlement was thus conditional. It is not so in its nature, and we cannot give it this construction. As these considerations go to the foundation of the instructions, to the refusal or giving of which the plaintiff excepts, it is deemed unnecessary to enter into them in detail. Three special issues were submitted to the jury, who were instructed to find specially on each. They were, (stated briefly): 1st. Did the parties have a settlement of the matters in dispute before suit? To which the jury returned that they did. 2d. Did the plaintiff agree to pay one dollar and thirty-seven and a half cents per day, one-half in two weeks and the balance in May? Verdict, that he did. 3d. Did the plaintiff pay or tender the

one-half within the two weeks, if not, did he before suit? Verdict, he did not pay nor tender within the two weeks, but did tender before suit. The defendant, then, did not pay when the money was due, but saved himself by his tender before suit.

Whether the court should, strictly speaking, have rendered judgment for the plaintiff, is regarded as an immaterial question, since if judgment were so rendered, it must be at the cost of the plaintiff. The money was paid into court, and the plaintiff was at liberty to take it. If the money had not been thus paid in, the plaintiff would have been entitled to judgment (at his cost) so that he might have execution. On the whole, we think there is no error in the record, and the judgment of the District Court is affirmed.